UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOO YOUNG RHEE on behalf of himself and all others similarly situated,<br><br>         Plaintiff,<br>  v.<br><br>SUPER KING SAUNA NJ, LLC. d/b/a King Spa, Byung Taek Rhee, Kyung Ja Rhee and Tae Hi Rhee<br><br>         Defendants, | Index No.   20-CV-9921<br><br>**COMPLAINT**<br><br>**COLLECTIVE AND CLASS ACTION** |

Plaintiff, Soo Young Rhee (collectively, "plaintiff"), on behalf of himself and all others similarly situated, by his attorneys, Ryan Kim, complaining of defendants Super King Sauna NJ, LLC.("King Spa"), Byung Taek Rhee, Kyung Ja Rhee and Tai Hi Rhee (collectively, "defendants"), alleges:

## NATURE OF ACTION

1. This action is brought to recover unpaid overtime wages, and other damages pursuant to the Fair Labor Standards Act, 29 U.S.C § 201, et seq. ("FLSA"), and the New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1 *et seq*.; the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq*.; and the New Jersey Wage and Hour Regulations, N.J.A.C. §§ 12:56 *et seq*.

2. Plaintiff seeks injunctive and declaratory relief against defendants' unlawful actions, unpaid overtime wage, liquidated damages, compensatory damages, interest, and attorneys' fees and costs pursuant to the FLSA, the NJSA and the NJAC.

1

3. Defendants own and operate King Spa, Korean Style Spa that provides service at 321 Commercial Ave, Palisades Park, NJ 07650.

4. Defendants failed to compensate Plaintiff and all others similarly situated at the statutorily overtime wage as required by law.

## JURISDICTION

5. This Court has subject matter jurisdiction over this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337 and has supplemental jurisdiction over Plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is proper in the District of New Jersey pursuant to 28 U.S.C. § 1391, as Super King Sauna NJ, LLC. is incorporated and located in the District of New Jersey.

### Plaintiff Soo Young Rhee

7. Soo Young Rhee ("Rhee") resides in Bergen County, New Jersey.

8. Rhee was employed as a cashier by Defendants from February 9, 2018, through January 11, 2020.

### Super King Sauna NJ, LLC

9. Super King Sauna NJ, LLC is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

10. Super King Sauna NJ, LLC has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

11. Super King Sauna NJ, LLC has an annual gross volume of sales in excess of $500,000.

### Kyung Ja Rhee

12. Defendant Kyung Ja Rhee is the owner of King Spa.

13. Kyung Ja Rhee is sued individually in her capacity as an owner, officer and/ or agent of King Spa.

14. Kyung Ja Rhee exercises sufficient control over the company's operations to be considered Plaintiff's employer under the FLSA, New Jersey Wage and Hour Law and New Jersey Wage and Payment Law.

15. At all-time material herein, Kyung Ja Rhee had the authority to hire and fire employees and established and exercised authority regarding the pay practices at King Spa.

16. Kyung Ja Rhee regularly confers with the management team of King Spa in person.

17. Kyung Ja Rhee makes all final decisions about employment practices at King Spa.

### Byung Taek Rhee

18. Defendant Byung Taek Rhee is the owner King Spa.

19. Byung Taek Rhee is sued individually in her capacity as an owner, officer and/ or agent of King Spa.

20. Byung Taek Rhee exercises sufficient control over the company's operations to be considered Plaintiff's employer under the FLSA, New Jersey Wage and Hour Law and New Jersey Wage and Payment Law.

21. At all-time material herein, Byung Taek Rhee had the authority to hire and fire employees and established and exercised authority regarding the pay practices at King Spa.

22. Byung Taek Rhee regularly confers with the management team of King Spa in person.

23. Byung Taek Rhee makes all final decisions about employment practices at King Spa.

### Tai Hi Rhee

24. Defendant Tai Hi Rhee is the Chief Executive Officer and the owner of King Spa.

25. Tai Hi Rhee is sued individually in her capacity as an owner, officer and/ or agent of King Spa.

26. Tai Hi Rhee exercises sufficient control over the company's operations to be considered Plaintiff's employer under the FLSA, New Jersey Wage and Hour Law and New Jersey Wage and Payment Law.

27. At all-time material herein, Tai Hi Rhee had the authority to hire and fire employees and established and exercised authority regarding the pay practices at King Spa.

28. Tai Hi Rhee regularly confers with the management team of King Spa in person.

29. Tai Hi Rhee makes all final decisions about employment practices at King Spa.

## CLASS ACTION ALLEGATIONS

30. The claims in this Complaint arising out of the FLSA, New Jersey Wage and Hour Law and New Jersey Wage and Payment Law are brought by Plaintiff under Rule 23 of the Federal Rules of Civil Procedure, on behalf of himself and of a class consisting of all similarly situated non-exempt employees (i.e. cashier, cleaning worker, maintenance worker, care service worker, marketing and accounting clerks) who work or have worked at King Spa for the past six years (the "Rule 23 Class").

31. The employees in the Rule 23 Class are so numerous that joinder of all members is impracticable.

32. The size of the Rule 23 Class is at least forty (40) individuals, although the precise number of such employees is unknown Facts supporting the calculation of that number are presently within the sole control of defendants.

33. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby malting appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

34. Common questions of law and fact exist as to the Rule 23 Class that predominate over questions affecting them individually including, inter alia, the following:

> a. whether defendants violated New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1 *et seq*.; the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq*.; and the New Jersey Wage and Hour Regulations, N.J.A.C. §§ 12:56 *et seq*., as alleged herein;
>
> b. whether defendants failed to pay non-exempt employees the overtime wages for all hours worked;

c. whether defendants failed to pay non-exempt employees one hour's pay at the minimum hourly wage rate for each day during which employees worked more than ten hours;

d. whether defendants failed to provide non-exempt employees with accurate written notice of wages as required by the New Jersey Wage and Hour Law, New Jersey Wage and Payment Law and Wage Theft Prevention Act; and

e. the nature and the extent of the class-wide injury and the measure of damages for those injuries.

35. The claims of the Plaintiff are typical of the claims of the Rule 23 Class he seeks to represent. Plaintiff and the members of the Rule 23 Class work or have worked for defendants within the six years prior to the filing of this action. They enjoy the same statutory rights under the New Jersey Wage and Hour Law and New Jersey Wage and Payment Law to be paid at the correct overtime wage for all hours worked and to keep the gratuities they earn. Plaintiff and the members of the Rule 23 Class have sustained similar types of damages as a result of defendants' failure to comply with the New Jersey Wage and Hour Law and New Jersey Wage and Payment Law.

36. Plaintiff and the Rule 23 Class have all been injured in that they have been under-compensated due to defendants' common policies, practices, and patterns of conduct.

37. Plaintiff will fairly and adequately represent and protect the interests of the members of the Rule 23 Class.

38. Plaintiff has retained counsel competent and experienced in wage and hour litigation and class action litigation.

39. There is no conflict between Plaintiff and the Rule 23 Class members.

40. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The members of the Rule 23 Class have been damaged

and are entitled to recovery as a result of defendants' common policies, practices, and procedures. Although the relative damages suffered by the individual class members are not de minimis, such damages are small compared to the expense and burden of individual prosecution of this litigation. Individual Plaintiff lacks the financial resources necessary to conduct a thorough examination of defendants' compensation practices and to prosecute vigorously a lawsuit against defendants to recover such damages. In addition, class action litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about defendants' practices.

41. This action is properly maintainable as a class action under Rule 23(b)(3) of the Federal Rules of Civil Procedure.

## COLLECTIVE ACTION ALLEGATIONS

42. The claims in this Complaint arising out of the FLSA are brought by the Plaintiff on behalf of himself and all similarly situated non-exempt employees (i.e. cashier, cleaning worker, maintenance worker, care service worker, marketing and accounting clerks) who work or have worked at King Spa within three years of the date of the filing of this action and who elect to opt-in to this action (the "FLSA Collective").

43. The FLSA Collective consists of approximately one hundred similarly situated current and former non-exempt employees of King Spa, who have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, inter alia, willfully denying them overtime pay and other monies.

44. The FLSA Collective consists of employees who, during their employment at King Spa, worked as non-exempt employees.

45. As part of their regular business practices, defendants have intentionally, willfully, repeatedly, and in bad faith harmed Plaintiff and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA, New Jersey Wage and Hour Law and New Jersey Wage and Payment Law. This policy and pattern or practice include, inter alia:

   a. failing to pay employees the proper overtime pay for all hours worked over forty;

   b. failing to pay non-exempt employees one hour's pay at the minimum hourly wage rate for each day during which employees worked more than ten hours;

   c. failing to keep accurate records of hours worked by employees as required by the FLSA and the New Jersey Wage and Hour Law and New Jersey Wage and Payment Law.

46. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants, are readily identifiable by defendants and are locatable through defendants' records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

**PLAINTIFF'S FACTUAL ALLEGATIONS**

47. Rhee worked as a cashier throughout his time employed by defendants.

48. Working as a cashier, Rhee fell into the category of "non-exempt" employee pursuant to the FLSA.

49. From February 9, 2018, to January 11, 2020, Rhee regularly worked six days per week.

50. Rhee's starting and ending times varied depending on his shift. He regularly worked at least 9 hours a day for 6 days a week and sometimes for 7 days a week.

51. Defendants failed to compensate Rhee at one and one-half times his hourly rate for the hours he worked in excess of forty per workweek.

## FIRST CLAIM
### (Fair Labor Standards Act - Unpaid Overtime)

52. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

53. Defendants are required to pay Plaintiff and the FLSA Collective one and one-half (1 ½ ) times the regular rate at which Plaintiff was employed for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, et seq.

54. Defendants have failed to pay Plaintiff and the FLSA Collective the overtime wages to which they are entitled under the FLSA.

55. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiff and FLSA Collective overtime wages.

56. Due to defendants' violations of the FLSA, Plaintiff and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre-judgment and post-judgment interest.

## SECOND CLAIM
### (NJWHL/NJWPL- Unpaid Overtime)

57. Plaintiff repeats and realleges all foregoing paragraphs as if fully set forth herein.

58. Under the New Jersey Wage and Hour Law and supporting New Jersey State Department of Labor Regulations, defendants were required to pay Plaintiff and the Rule 23 Class one and one half (1 ½ ) times the regular rate of pay for all hours they worked in excess of forty.

59. Defendants have failed to pay Plaintiff and the Rule 23 Class the overtime wages to which they were entitled under the New Jersey Wage and Hour Law.

60. Defendants have willfully violated the New Jersey Wage and Hour Law by knowingly and intentionally failing to pay Plaintiff and the Rule 23 Class overtime wages.

61. Due to defendants' willful violations of the New Jersey Wage and Hour Law, Plaintiff and the Rule 23 Class are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages and pre-judgment and post-judgment interest.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff, on behalf of himself, the FLSA Collective, and the Rule 23 Class, respectfully request that this Court enter a judgment:

a. certifying this case as a class action pursuant to CPLR §§ 901 and 902 for the class of employees described herein, certification of Plaintiff as the class representative, and designation of Plaintiff's counsel as Class Counsel;

b. authorizing the issuance of notice at the earliest possible time to all non-exempt employees who were employed by defendants during the six years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to participate in this lawsuit;

c. declaring that defendants have violated the wage provisions of the FLSA and the NJWHL/NJWPL;

    d. declaring that defendants have violated the overtime wage provisions of the FLSA and the NJWHL/NJWPL;

    e. declaring that defendants have violated the spread-of-hours provisions of the NJWHL/NJWPL;

    f. declaring that defendants' violations of the FLSA and NYLL were willful;

    g. awarding plaintiff, the FLSA Collective, and the Rule 23 Class damages for unpaid overtime wages;

    h. awarding Plaintiff and the Rule 23 Class damages for unpaid spread-of-hours pay;

    i. awarding plaintiff the FLSA Collective, and the Rule 23 Class liquidated damages as a result of defendants' failure to furnish annual notices pursuant to the NJWHL/NJWPL;

    j. awarding plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the FLSA;

    k. awarding plaintiff, the FLSA Collective, and the Rule 23 Class liquidated damages in an amount equal to the total amount of the wages found to be due, pursuant to the NJWHL/NJWPL;

    l. awarding plaintiff, the FLSA Collective, and the Rule 23 Class pre-judgment and post-judgment interest under the FLSA and the NJWHL/NJWPL;

    m. awarding plaintiff, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees and costs pursuant the FLSA and the NJWHL/NJWPL; and

    n. awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL

A jury trial is demanded on all Counts.

Dated: August 3, 2020

                         /s/ Ryan Kim
                         Ryan J. Kim

                         Ryan J. Kim, Esq.
                         Ryan Kim Law, P.C.
                         222 Bruce Reynolds Blvd. Suite 490
                         Fort Lee, NJ 07024
                         ryan@RyanKimLaw.com