UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| SOO YOUNG RHEE, *on behalf of himself and all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>SUPER KING SAUNA NJ, LLC *doing business as* KING SPA, BYUNG TAEK RHEE, KYUNG JA RHEE, and TAI HI RHEE,<br><br>Defendants. | Civil Action No.<br><br>20-9921 (LDW)<br><br>**MEMORANDUM OPINION AND ORDER** |

**THIS MATTER** comes before the Court on the parties' joint request for settlement approval. (ECF No. 30). The parties have consented to Magistrate Judge jurisdiction for this motion and all further proceedings. (ECF No. 29).

I.     **BACKGROUND**

Plaintiff Soo Young Rhee commenced this action on August 3, 2020, alleging that defendants failed to pay him overtime wages for time worked as a cashier in excess of forty hours per week in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, the New Jersey Wage and Hour Law, N.J.S.A. 34:11-56a, *et seq.*, and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4.1, *et seq.* (Compl., ECF No. 1). Defendant Super King Sauna NJ, LLC ("Defendant" or "Super King") answered the complaint on September 11, 2020, (ECF No. 7), and the parties proceeded to engage in fact discovery.

The parties notified the Court that they had reached a settlement in principle on March 26, 2021 and submitted a settlement agreement and joint request for settlement approval on May 14, 2021. (ECF Nos. 27, 30). After the Court raised concerns about the initial release in the proposed

settlement agreement, the parties revised the release and resubmitted an application for approval of an Amended Settlement Agreement and Release of Claims on June 17, 2021. (ECF No. 33).

The parties have agreed to resolve this case in its entirety for a total payment to plaintiff and his counsel of $40,000.00. Plaintiff would receive $15,000.00, and his counsel would receive $25,000.00 for fees and expenses. It is for the Court to determine whether the settlement should be approved.

## II.   ANALYSIS

### A. The Terms of The Settlement Agreement

In determining whether to approve an FLSA settlement agreement, the Court must determine that "the compromise reached 'is a fair and reasonable resolution of a bona fide dispute over FLSA provisions.'" *Brumley v. Camin Cargo Control, Inc.*, Civ. A. Nos. 08-1798, 10-2461, 09-6128, 2012 WL 1019337, at *2 (D.N.J. Mar. 26, 2012) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)). The Court's ascertainment of the existence of a bona fide dispute is to ensure that the settlement does not effect the waiver of an employee's statutory rights under the FLSA but instead is the product of a true dispute over the employee's factual entitlement to recovery under the statute. *See id.* Additionally, the Court must assess "(1) whether the compromise is fair and reasonable to the employee, and (2) whether the compromise otherwise frustrates the implementation of the FLSA." *Davis v. Essex County*, Civ. A. No. 14-1122, 2015 WL 7761062, at *2 (D.N.J. Dec. 1, 2015).

First, the Court finds that the settlement resolves a bona fide dispute over the number of hours plaintiff worked and his entitlement to overtime wages. While plaintiff contends that he was not paid all the overtime wages to which he was entitled, the defendant employer disputes whether he actually worked any hours in excess of 40 hours per week, when taking into account what the

employer alleges were multiple unauthorized meal and smoke breaks throughout the day for which he was fully compensated. (ECF No. 30 at 3). The settlement is intended to resolve this factual dispute rather than constituting a mere waiver of the plaintiff's FLSA rights.

Second, the Court finds that the settlement constitutes a fair and reasonable compromise of plaintiff's claimed overtime under the factors set forth in *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975). Defense counsel represents that the settlement payment of $15,000.00 comprises all of plaintiff's alleged back-pay damages ($9,659.75) in addition to approximately 50% of the amount plaintiff could have potentially recovered in liquidated damages. (ECF No. 30 at 2). Given the dispute about whether plaintiff worked any overtime at all, payment of all of his alleged overtime pay, plus half of liquidated damages to which he would be entitled if he prevailed, is a fair result for the plaintiff. This is especially so given that the settlement was reached early in the lawsuit, thereby mitigating the expense of ongoing litigation, the risks of establishing liability and damages, and potential issues collecting on a larger judgment. *See Rabbenou v. Dayan Foods, Ltd.*, No. 17-1330, 2017 WL 3315263, at *1 (D.N.J. Aug. 3, 2017). Further, the proposed settlement is the product of arms-length negotiation between parties represented by competent counsel. Therefore, the Court finds that *Girsh* factors have been satisfied such that the settlement constitutes a fair and reasonable compromise.

Finally, there is nothing in the record to suggest that the proposed settlement would otherwise frustrate the implementation of the FLSA. As a result of the Court's rejection of the original general release provision, the parties have narrowed the release to only wage-related claims, as permitted. *See Cruz v. JMC Holdings, Ltd.*, No. 16-cv-9321 (KSH) (CLW), 2019 WL 4745284, at *7 (D.N.J. Sept. 30, 2019) (collecting cases). And although the settlement agreement contains a non-disparagement clause, the limited provision does not prevent widespread

dissemination of the agreement and is not unduly restrictive so as to frustrate the purpose of FLSA. *See Brumley*, 2012 WL 1019337, at *7 (noting limited provision prohibiting plaintiffs from disparaging defendants does not "thwart the informational objective of the [FLSA's] notice requirement by silencing the employee who has vindicated a disputed FLSA right") (citing *Dees v. Hydradry, Inc.*, 706 F.Supp. 2d 1227, 1242 (M.D. Fla. 2010)). The Court therefore finds that the settlement agreement's terms are a fair and reasonable compromise of plaintiff's FLSA claims.

### B. Award of Attorneys' Fees and Costs

In approving counsel fees for an FLSA settlement, the Court must ensure that "counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Joseph v. Caesar's Entertainment Corp.*, Civ. No. 10-6293 (AMD), 2012 WL 12898816, at *2 (D.N.J. July 23, 2012). Plaintiff's counsel seeks to recover costs and fees of $25,000.00, which exceed his client's recovery by $10,000.00. This initially gave the Court pause in approving the settlement and led to the Court's requiring plaintiff's counsel to submit additional legal justification for this disparity, which he did. (*See* ECF No. 33). The Court now concludes that the lack of proportionality in the recovery between plaintiff and his counsel do not, *per se*, preclude approval of the proposed fee as unreasonable. *See, e.g., Cox v. Elite Energy LLC*, Civ. A. No. 09-4444, 2011 WL 4406364, at *6 (D.N.J. 2011) (noting that FLSA claims may involve relatively small monetary awards, and a court "should not reduce a fee award solely on the basis that the attorney's fees are disproportionate to the damage award") (quoting *Heder v. City of Two Rivers*, 255 F.Supp. 2d 947, 955–56 (E.D. Wisc. 2003)). Given that plaintiff received all of his claimed overtime pay and even a portion of liquidated damages as part of the settlement, it is clear that his counsel did not negotiate a fee that diminished plaintiff's recovery. Nor, given the time plaintiff's counsel expended in filing suit and pursuing discovery, is the fee disproportionate to the time counsel spent prosecuting his client's case. For

these reasons, the Court will approve the proposed settlement payment for attorneys' fees and costs.

### III. CONCLUSION

Having considered the parties' submissions in support of their joint request for settlement approval, and for good cause shown, the Court approves the settlement memorialized in the final executed settlement agreement (ECF No. 30-1), and the parties shall proceed with the administration of the settlement in accordance with the terms of the settlement agreement.

This case is dismissed with prejudice, with each side to bear its own attorneys' fees and costs except as set forth in the settlement agreement. The Clerk of Court is directed to mark this matter CLOSED.

**It is SO ORDERED this 9th day of August, 2021.**

                                        *s/ Leda Dunn Wettre*
                                        Hon. Leda Dunn Wettre
                                        United States Magistrate Judge